McKinney, J.
delivered the opinion of the court.
Fitzhugh held a note, under seal, executed to him by Powers, for fifteen dollars. The wife of Fitzhugh having *416 obtained possession of said note, called on Powers for payment thereof. The latter paid the amount of said note to Mrs. Fitzhugh, and thereupon she surrendered it to him. Fitzhugh and wife had separated and were living apart at the time of this transaction, and the possession of the note by the wife, and likewise the payment thereof to her, was, as is alleged, without the authority or knowledge of Fitzhugh.
This suit was commenced by warrant before a justice of the peace, to recover the amount due upon said note, thus wrongfully paid to the wife of the plaintiff. The suit, however, is not brought upon the note; in the warrant, the defendant is summoned to answer the plaintiff in a plea of debt, due by account, under fifty dollars. The justice rendered judgment in favor of the plaintiff; and, on appeal to the circuit court by the defendant, the plaintiff again recovered judgment, from which an appeal in error is prosecuted to this court.
At the time of the trial before the justice, the plaintiff made and filed, with the warrant, an affidavit in substantial accordance "with the provision of the act of 1819, ch. 27, sec- 1, in which it is averred that Powers had fraudulently obtained the possession of said note.
The record contains a bill of exceptions setting forth the evidence; also exceptions to the opinion of the court in refusing to admit evidence offered by the defendant; and likewise the charge of the court; all which we deem it unnecessary to notice, as the determination of the case must rest upon a preliminary question, namely, whether the proper ground of recovery has not been altogether misconceived in this case.
The act of 1819, above referred to, which provides a remedy at law, where any bond, obligation, promissory *417 note or other instrument of writing for the payment of money, or other valuable thing, lias been lost, or unintentionally mislaid; or where the defendant has fraudulently obtained -the possession of any of said instruments, prescribes with certainty and precision the form of the remedy, and mode of proceeding. It declares that it shall be lawful for the party “to commence and prosecute a suit at law, before any tribunal having cognizance thereof, upon such bond, obligation, promissory note or other instrument of writing,” &c., without producing the same on the trial before any justice of the peace, out of court; or making proferí of the same in any court of record,” upon making an affidavit in the manner required in the act; which affidavit is to be attached to the warrant, or declaration, as the case may be, and forms part of the record of the cause. Prior to this statute, the only remedy in such cases was in equity. The statute gives a new remedy at law; and in per-suing such remedy, the provisions of the statute must be observed. This remedy is a suit upon the bond, note, or other instrument, alleged to be lost, mislaid, or in the wrongful possession of the defendant.
The profert, or production of the instrument is dispensed with, the affidavit being substituted instead thereof; but in all other respects the suit is to be conducted in the same manner and form as if the instrument were in the plaintiff’s possession. The present suit is not brought upon the note, as required by the statute; and there is no other ground upon which to maintain it. The plaintiff cannot resort to the original consideration of the note, because the simple contract was extinguished by the execution of a note under seal.
*418 It resultó, therefore, that the judgment of the circuit court must be reversed and arrested.